**Berniece SILVERTHORN, Appellant,**

**v.**

**William HENNIGAN, Jr., Appellee.**

**Berniece SILVERTHORN, Appellee,**

**v.**

**William HENNIGAN, Jr., Appellant.**

**Nos. 20461, 20504.**

United States Court of Appeals, Eighth Circuit.

March 17, 1971.

Dale L. Spencer, Des Moines, Iowa, made argument for Berniece Silverthorn.

L. R. Voigts, Des Moines, Iowa, made argument for William Hennigan, Jr.

Before MATTHES, Chief Judge, VAN OOSTERHOUT and GIBSON, Circuit Judges.

PER CURIAM.

In this diversity litigation the plaintiff sued to recover damages resulting from injuries to her person and property suffered in an automobile collision in Des Moines, Iowa. She has appealed from the final judgment against her entered on July 8, 1970. Defendant filed a cross-appeal from the denial of several of its motions.

At the first trial a verdict and judgment were rendered in favor of the plaintiff for $27,500 with interest as provided by law plus her costs. Thereupon the defendant filed a motion for judgment notwithstanding the verdict and motion for a new trial. The trial court denied the motion for a judgment n. o. v. but granted the motion for a new trial on the grounds that to allow the verdict to stand would constitute an injustice to the defendant and would represent a gross miscarriage of justice; that the evidence did not warrant the verdict rendered; and that the jury did not follow the court's instructions.

The second trial resulted in a verdict and judgment for the defendant. The plaintiff contends on this appeal that the trial court abused its discretion in setting aside the verdict of the jury in her favor and granting a new trial.

The law is well established that the granting of a new trial is a matter within the sound discretion of the trial judge and unless that discretion patently has been abused, his ruling on the motion is not subject to review. Bates v. Hensley, 414 F.2d 1006 (8th Cir. 1969); Trice v. Commercial Union Assurance Co., 334 F.2d 673 (6th Cir. 1964); Minnesota Mut. Life Ins. Co. v. Wright, 312 F.2d 655 (8th Cir. 1963); Paine v. St. Paul Union Stockyards Co., 28 F.2d 463 (8th Cir. 1928).

We have carefully canvassed the record and are fully convinced that there is no rational basis for holding that the trial court acted arbitrarily or abused its discretion in granting a new trial.

In view of the disposition of plaintiff's appeal, it is unnecessary to discuss the cross-appeal.

The judgment is affirmed.