The **SEVEN PROVINCES INSURANCE COMPANY, LTD., Plaintiff,**

v.

**COMMERCE & INDUSTRY INSURANCE COMPANY, Defendant.**

Civ. A. No. 16744–3.

United States District Court,
W. D. Missouri, W. D.

Jan. 22, 1975.

Smith, Schwegler, Swartzman & Winger, George M. Winger, William G. Levi, Kansas City, Mo., for plaintiff.

Shughart, Thomson & Kilroy, Thomas J. Leittem, John Harl Campbell, Kansas City, Mo., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL

WILLIAM H. BECKER, Chief Judge.

### Introduction

This is a diversity action in which the plaintiff seeks to recover $41,475.00, plus interest at the rate of six per cent per annum from and after September 21, 1966, under an alleged contract of facultative hull marine reinsurance with the defendant upon the ship S. S. "Aktor," which sank in the Pacific Ocean on June 1, 1966. Plaintiff at that time was the principal insurer of the hull on the S.S. "Aktor." Plaintiff alleges that the defendant agreed to reinsure a fifteen per cent share of the plaintiff's hull insurance coverage on the vessel S. S. "Aktor."

The action was tried by a jury and a special verdict was returned in the form of five special written answers to five special questions submitted to the jury under the provisions of Rule 49(a) of the Federal Rules of Civil Procedure. The five special questions submitted to the jury and the answers thereto are as follows:

"1. Has the plaintiff proved by a preponderance of the evidence that in the circumstances shown by the evidence and under recognized and applicable custom and practice in the international ocean marine hull reinsurance business, the period from November 3, 1964, to and including February 11, 1966, was a reasonable period of time for the facultative reinsurance binders on the SS 'AKTOR' to remain effective? ANSWER NO.

"2. Has the plaintiff Seven Provinces proved by a preponderance of the evidence that on February 11, 1966, it mailed to Commerce & Industry's general agent a letter similar to P. Ex. 12 advising that Commerce & Industry's reinsurance of the Seven Provinces' hull insurance coverage on the vessel SS 'AKTOR' was to be effective from February 11, 1966? ANSWER NO.

"3. Has the plaintiff provded by a preponderance of the evidence that

"(a) Commerce & Industry's general agent received said letter dated February 11, 1966? ANSWER NO.

"(b) If your answer to question 3(a) above is 'no', under recognized and applicable customs and practice was receipt of a letter notice of the date to be advised necessary to cause the risk to attach under a facultative reinsurance binder such as P. Ex. 1? ANSWER YES.

"4. Has the plaintiff proved by a preponderance of the evidence that there is a recognized and applicable

custom and practice in the international ocean marine hull reinsurance business that facultative reinsurance binders on foreign hulls, from a date to be advised, may be terminated only by the mutual consent of the parties and with specific reference to the vessel involved, or the passage of a reasonable time for the attachment of the risk? ANSWER YES.

"5: Has the defendant proved by a preponderance of the evidence that the letters written by Sayre and Toso as general agent for Commerce & Industry on April 15, 1965 (P. Ex. 24) and April 30, 1965 (D. Ex. 25) and the Seven Provinces' reply on May 6, 1965 (P. Ex. 26) constituted, under applicable international ocean marine hull reinsurance customs and practice, a termination of Commerce & Industry's agreement to reinsure a 15% share of the Seven Provinces' hull insurance coverage on the vessel SS 'AKTOR' from a date to be advised? ANSWER YES."

At the close of the plaintiff's evidence, counsel for defendant filed a motion for a directed verdict. At the close of all of the evidence, counsel for plaintiff filed his motion for a directed verdict. Both motions for directed verdicts were denied. At the conclusion of the trial, and upon the defendant's motion, judgment was entered in favor of the defendant based on the answers of the jury to the special questions.

Thereafter, counsel for plaintiff filed his timely "Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial" and suggestions in support thereof. Counsel for defendant filed a brief in opposition to plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, motion for a new trial.

Oral argument was heard on plaintiff's post-trial motions on March 14, 1973. Thereafter, on March 21, 1973, counsel for plaintiff filed herein his extensive "Proposed Findings of Fact, Conclusions of Law, Orders and Judgment." On March 28, 1973, counsel for defendant filed herein his "Motion of Defendant for Adoption by the Court of Findings of Fact, Conclusions of Law and Orders," incorporating therein extensive proposed findings of fact and conclusions of law.

On May 15, 1974, an order was entered requesting the parties to file additional briefs on the possible questions of waiver and estoppel. In that order, this Court stated that " . . . a doubt remains whether PX27, (a letter of June 29, 1966, from W. A. Rouse, Vice President to E. L. Wessels of Seven Provinces Insurance Company) constituted legally a waiver of, or estoppel to assert the defense that the period from November 3, 1964, to and including February 11, 1966, was an unreasonable period of time for the facultative reinsurance binder on the 'SS Aktor' to remain effective." In that same order, it was further noted that "[t]his question depends on the subordinate questions (1) whether ordinary general principles of waiver (or estoppel) in insurance law are applicable to the marine reinsurance transaction in the case at bar, and (2) if so, what precisely is the law applicable to the interpretation and effect of PX27."

Following the filing of a joint motion for an extension of time within which to file responses to this Court's order of May 15, 1974, and the grant thereof by order dated June 1, 1974, counsel for both parties filed herein on June 21, 1974, their respective responses and suggestions on the possible issues of waiver and estoppel. Thereafter, on June 26. 1974, counsel for plaintiff filed herein a letter response to defendant's brief of June 21, 1974. Similarly, on June 27, 1974, counsel for defendant filed a letter response to plaintiff's letter response of June 26, 1974.

Final ruling on the post-trial motions in this action has been deferred because of a persistent doubt that the decision in

favor of the defendant required by the findings of the jury was warranted. This feeling arose (1) from the fact that all other co-reinsurers on this risk have recognized their obligations, and (2) from knowledge of the informal manner in which insurers and facultative reinsurers transact business, relying primarily on trust and confidence necessary to the efficient operation of the industry.

The record in this case has been carefully examined and re-examined in an effort to find some possible error that resulted in an erroneous decision by the jury. None has been found. The material findings of fact by the jury considered separately and jointly appear to be within the province of the jury as the trier of the facts.

Any thought of setting aside the material findings of fact, granting a new trial, or rendering a judgment by disregarding those findings of fact by the jury, become inappropriate under the Seventh Amendment to the Constitution of the United States, which reads as follows:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

Thus, it is concluded as hereinafter set forth in detail in this opinion, that the material findings of fact of the jury must prevail under the Seventh Amendment, quoted above.

*Plaintiff's Motion for Judgment Notwithstanding the Verdict*

■ Under Rule 50(b) of the Federal Rules of Civil Procedure, a motion for a new trial may be joined with an alternative motion for judgment notwithstanding the verdict, as in the case at bar. Because one is permitted to join these alternative post-trial motions, confusion often occurs in the application of the separate standards upon which these alternative motions are to be determined. *See,* 11 Wright and Miller, Federal Practice and Procedure, § 2806, p. 42 (1973).

A motion for a judgment notwithstanding the verdict and a motion for a new trial are quite different motions which must be distinguished. *See,* 11 Wright and Miller, Federal Practice and Procedure, §§ 2531 and 2539 (1973). These two motions have wholly distinct functions and separate and different standards govern decisions on the separate motions. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 250, 61 S.Ct. 189, 194, 85 L.Ed. 147, 153 (1940); Simpson v. Skelly Oil Company, 371 F. 2d 563, 566–567 (8th Cir. 1967); Williams v. Nichols, 266 F.2d 389 (4th Cir. 1959); United States v. 1160.96 Acres of Land in Holmes County, Mississippi, 432 F.2d 910, 914–915 (5th Cir. 1970); United States v. Fenix & Scisson, Inc., 360 F.2d 260, 262 (10th Cir. 1966), cert. denied, 386 U.S. 1036, 87 S.Ct. 1474, 18 L.Ed.2d 599 (1967); Eastern Air Lines, Inc. v. Union Trust Co., 99 U.S.App.D.C. 205, 239 F.2d 25, 29–30 (1957), cert. denied, 353 U.S. 942, 77 S.Ct. 816, 1 L.Ed. 2d 760 (1957); O'Donnell v. Geneva Metal Wheel Co., 183 F.2d 733, 739 (6th Cir. 1950), cert. denied, 341 U.S. 903, 71 S.Ct. 612, 95 L.Ed. 1342 (1951).

Although counsel for plaintiff has submitted joint suggestions in support of his post-trial motions, separate grounds in support of the two motions have been delineated. In support of his motion for judgment notwithstanding the verdict, plaintiff states the following grounds:

"1. That all of the evidence shows:

"(a) that on or about November 3, 1964, defendant, acting through its general agent, agreed to reinsure a 15% share of the plaintiff's hull insurance coverage on the S.S. 'Aktor' from a date to be advised;

"(b) that on or about February 11, 1966, plaintiff mailed to defendant, and defendant received notice that plaintiff's hull insurance on the ship S.S. 'Aktor' was to be effective that date as was defendant's reinsurance or, under applicable custom and practice, it was not necessary for defendant to receive said notice in order for defendant to remain bound on its agreement to reinsure;

"(c) Defendant breached its agreement to reinsure by failing to pay its 15% share of the loss upon receipt of plaintiff's notice of loss dated June 21, 1966.

"2. That all of the evidence shows that plaintiff was damaged in the amount of $41,475.00, and that plaintiff is entitled to interest on said amount at the rate of 6% per annum from and after June 21, 1966;

"3. That there is no evidence:

"(a) that defendant's agreement of November 3, 1964, to reinsure a 15% share of the ship S.S. 'Aktor' had been terminated before February 11, 1966 or about June 1, 1966; and

"(b) that defendant's agreement to reinsure a 15% share of said vessel had ceased to be effective.

"4. That there is no submissible issue of fact for the jury."

■ Plaintiff contends, in essence, that there is no evidence or there is insufficient evidence to support the verdict of the jury, or to create an issue of fact for the jury to decide. This is solely a question of law to be determined by this Court. *See*, Hover v. MacDonald Engineering Co., 183 F.Supp. 427 (S.D. Iowa 1960), affirmed, 290 F.2d 301 (8th Cir. 1961); United States for Use and Benefit of Weyerhaeuser Co. v. Bucon Construction Co., 430 F.2d 420 (5th Cir. 1970); Glazer v. Glazer, 374 F.2d 390, 400 (5th Cir. 1967), cert. denied, 389 U.S. 831, 88 S.Ct. 100, 19 L.Ed.2d 90 (1967).

■■ The standards for granting or denying a motion for judgment notwithstanding the verdict are the same as those for granting or denying a motion for a directed verdict. Schneider v. Chrysler Motors Corp., 401 F.2d 549, 554 (8th Cir. 1968); Compton v. United States, 377 F.2d 408, 411 (8th Cir. 1967); Hannigan v. Sears, Roebuck & Co., 410 F.2d 285, 287 (7th Cir. 1969), cert. denied, 396 U.S. 902, 90 S.Ct. 214, 24 L.Ed.2d 178 (1969); 5A Moore, Federal Practice, ¶ 50.07 [2], pp. 2355–2356 (2nd ed. 1974); 9 Wright and Miller, Federal Practice and Procedure, § 2524, pp. 541–542 (1971). However, the identity of standards does not preclude the granting of a motion for judgment notwithstanding the verdict after the denial of a motion for a directed verdict, as in the case at bar. *See, e. g.,* Strickland v. Inlow, 348 F.Supp. 244 (W.D.Ark.1972), reversed, 485 F.2d 186 (8th Cir. 1973); Cedar Crest Hats, Inc. v. United Hatters, Cap and Millinery Workers Int'l Union, AFL–CIO, 362 F.2d 322 (5th Cir. 1966); Allen Indus., Inc. v. National Sponge Cushion, Inc., 292 F.Supp. 504 (D.N.J.1967), affirmed, 403 F.2d 717 (3rd Cir. 1968), cert. denied, 394 U.S. 920, 89 S.Ct. 1194, 22 L.Ed.2d 453 (1969); *see also,* Cortez v. Life Insurance Co. of North America, 408 F.2d 500 (8th Cir. 1969).

In a diversity action such as the case at bar, a choice of law question often arises in considering and ruling upon either a motion for a directed verdict or a motion for judgment notwithstanding the verdict. *See, e. g.,* Schneider v. Chrysler Motors Corp., 401 F.2d 549, 554 (8th Cir. 1968); Rochester Civic Theatre, Inc. v. Ramsay, 368 F.2d 748, 753 (8th Cir. 1966). That question is whether federal or state standards should be chosen to test the sufficiency of evidence to support a jury verdict or to create an issue for the jury.

Thus, a state may have a more liberal standard than the federal courts in per-

mitting an issue to go to the jury. Under state standards a federal court might be required to submit a particular type of issue to a jury, as in the case of Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931). Similarly, the substantive law of a state might require that a scintilla of evidence is sufficient to create a jury issue. *See,* e. g., Huff v. Vulcan Life & Accident Ins. Co., 281 Ala. 615, 206 So.2d 861 (1968); Scott v. Southern Coach & Body Co., 280 Ala. 670, 197 So.2d 775 (1967). Further, a state might require a higher quantum of proof than required by the federal standard, thereby authorizing a directed verdict under circumstances wherein a federal court might under federal standards submit the issue to a jury. *See,* 9 Wright and Miller, Federal Practice and Procedure, § 2525, p. 548 (1971).

The Supreme Court of the United States has twice declined to decide whether federal or state standards are controlling. Mercer v. Theriot, 377 U.S. 152, 156, 84 S.Ct. 1157, 1160, 12 L.Ed. 2d 206, 209, reh. denied, 377 U.S. 973, 84 S.Ct. 1643, 12 L.Ed.2d 743 (1964); Dick v. New York Life Insurance Co., 359 U.S. 437, 444–445, 79 S.Ct. 921, 926, 3 L.Ed.2d 935, 940–942 (1959). Prior to the decision in the *Dick* case, the Court of Appeals of this Circuit applied state standards in determining the sufficiency

of evidence in diversity cases. *See,* Continental Can Company v. Horton, 250 F.2d 637, 640 (8th Cir. 1957); Stofer v. Montgomery Ward & Co., 249 F.2d 285, 289 (8th Cir. 1957); Clay County Cotton Co. v. Home Life Insurance Co. of New York, 113 F.2d 856, 961 (8th Cir. 1940). The more recent decisions in this Circuit, which have at least acknowledged the question, have tended to leave the question undecided or have found it unnecessary to determine the question by finding the state and federal standards to be substantially the same. *See,* e. g., Harwell v. Westchester Fire Insurance Co., 508 F.2d 1245 (8th Cir. 1974); Farm Mutual Automobile Insurance Co. v. Borg, 396 F.2d 740 (8th Cir. 1968); Jiffy Markets, Inc. v. Vogel, 340 F.2d 495, 498 (8th Cir. 1965); Hanson v. Ford Motor Co., 278 F.2d 586 (8th Cir. 1960); Ford Motor Co. v. Mondragon, 271 F.2d 342, 345 (8th Cir. 1959); Bennett v. Wood, 271 F.2d 349, 351 (8th Cir. 1959); Lewis v. Nelson, 277 F.2d 207, 209–210 (8th Cir. 1960); Rochester Civic Theatre, Inc. v. Ramsay, 368 F.2d 748, 753 (8th Cir. 1966); Grand Island Grain Co. v. Roush Mobile Home Sales, Inc., 391 F.2d 35, 41 (8th Cir. 1968) and cases cited therein.[1]

In the case at bar, neither party emphasizes or contests the applicable standards to be applied in this case. Both

---

[1.] There are numerous instances when the state rule on the quantum of proof will not differ substantially from federal standards, or the parties will be in agreement on the appropriate governing law. However, a continuation of reliance on state-federal similarities appears to add little, if any, guidance to parties, attorneys, and federal district judges in diversity cases. In the furtherance of clarity and uniformity, it would appear to be the better rule, especially in the occasional case involving substantial federal-state differences, that a federal test on the sufficiency of evidence be made applicable in federal diversity cases. *See,* 9 Wright and Miller, Federal Practice and Procedure, § 2525, pp. 551–552 (1971). This position, although affecting the policy of the *Erie* doctrine, would appear to conform to the Supreme Court's description of federal policy in Byrd v. Blue

Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 538, 78 S.Ct. 893, 901, 2 L.Ed.2d 953, 963 (1958), that there " . . . is a strong federal policy against allowing state rules to disrupt the judge-jury relationship in the federal courts." Furthermore, the adoption of a federal test on the question of sufficiency of evidence has much support in the various circuit decisions. *See,* Messick v. General Motors Corp., 460 F.2d 485 (5th Cir. 1972); Keeler v. Carpenter, 449 F.2d 437 (10th Cir. 1971); Wratchford v. S. J. Groves & Sons, 405 F.2d 1061 (4th Cir. 1969); Brant v. Robinson Investment Co., 435 F.2d 1345 (4th Cir. 1971); Gudgel v. Southern Shippers, Inc., 387 F.2d 723 (7th Cir. 1967); Drenning v. Williams, 480 F.2d 1220 (3rd Cir. 1973); *see also,* 5A Moore, Federal Practice, ¶ 50.06, p. 2350 (2nd ed. 1974).

parties cite the case of Schneider v. Chrysler Motors Corp., 401 F.2d 549 (8th Cir. 1968) as governing the standards to be applied. However, in the *Schneider* case the Court of Appeals enunciated Nebraska standards, noting that ". . . the standard applied in Nebraska to test the sufficiency of the evidence to support a jury verdict is substantially the same as the federal standard applied by this Court." Schneider v. Chrysler Motors Corp., 401 F.2d 549, 555 (8th Cir. 1968).

■■ A thorough review of the federal and Missouri state law reveals that the Missouri state standards for testing the sufficiency of evidence are substantially the same as the federal standards applied by federal courts in Missouri. Under both federal and Missouri state law, the "substantial evidence" test is applied in testing the sufficiency of the evidence. Duncan v. St. Louis-San Francisco Ry. Co., 480 F.2d 79, 83 (8th Cir. 1973); Meitz v. Garrison, 413 F.2d 895, 896 (8th Cir. 1969); Lewis v. Nelson, 277 F.2d 207 (8th Cir. 1960); Southern Ry. Co. v. Stewart, 119 F.2d 85 (8th Cir. 1941), reversed on other grounds, 315 U.S. 283, 62 S.Ct. 616, 86 L.Ed. 849 (1942); *accord,* Eyler v. Allison, 500 S.W.2d 49 (Mo.App.1973); Houghton v. Atchison, Topeka & Santa Fe R. Co., 446 S.W.2d 406 (Mo.Sup.1969); Jones v. Garney Plumbing Co., 409 S.W.2d 637 (Mo.Sup. 1966); Gold v. Heath, 392 S.W.2d 298 (Mo.Sup.1965). Substantial evidence encompasses such evidence as reasonable minds would accept as adequate in support of a conclusion. Garrett v. Richardson, 337 F.Supp. 877, 882 (W.D.Mo. 1972), remanded, 471 F.2d 598 (8th Cir. 1972); *accord,* Cupples Hesse Corp. v. State Tax Commission, 329 S.W.2d 696 (Mo.Sup.1960); Velghe v. State Dept. of Public Health and Welfare, 362 S.W.2d 747 (Mo.App.1962). A mere showing of a "scintilla" of conflicting evidence is insufficient. *See,* Small Co. v. Lamborn & Co., 267 U.S. 248, 254, 45 S.Ct. 300,

303, 69 L.Ed. 597, 601 (1924); Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 233, 74 L.Ed. 720, 724 (1930); *accord,* Davidson v. Hennegin, 304 S.W.2d 836 (Mo.Sup.1957); Clymer v. Tennison, 384 S.W.2d 829 (Mo.App.1964); Transamerican Freight Lines v. Marcrome Art Marble Co., 236 Mo.App. 272, 150 S.W.2d 547 (1941); Williams v. St. Louis-San Francisco Ry. Co., 337 Mo. 667, 85 S.W. 2d 624, 635 (1935).

■ In reviewing the record in this case, this Court cannot weigh the evidence. Simpson v. Skelly Oil Company, 371 F.2d 563, 567 (8th Cir. 1967); Siegfried v. Kansas City Star Co., 298 F.2d 1 (8th Cir. 1962); cert. denied, 369 U.S. 819, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962); Commercial Union Assurance Co. v. Berry, 359 F.2d 510, 518 (8th Cir. 1966). Nor can this Court pass on the credibility of witnesses, Thieman v. Johnson, 257 F.2d 129, 132 (8th Cir. 1958); Meitz v. Garrison, 413 F.2d 895, 896 (8th Cir. 1969), or substitute a judgment of the facts for that of the jury. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520, 525 (1944); Alman Bros. Farms & Feed Mill, Inc. v. Diamond Lab. Inc., 437 F.2d 1295, 1298 (5th Cir. 1971); Wilkin v. Sunbeam Corp., 377 F.2d 344, 347 (10th Cir. 1967), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 464 (1967).

■ In determining whether there is substantial evidence, the evidence in this case must be reviewed, under applicable and similar federal and state standards as applied in Missouri, (1) as tending to support the jury's verdict; (2) in the light most favorable to the findings of the jury; and (3) the party having the verdict must be given the benefit of every favorable inference reasonably justified by the evidence. Duncan v. St. Louis-San Francisco Ry. Co., 480 F.2d 79, 83 (8th Cir. 1973); Giordano v. Lee, 434 F.2d 1227, 1231 (8th Cir. 1970), cert. denied, 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971); Meitz v. Garrison,

413 F.2d 895, 896 (8th Cir. 1969); Burger Chef Systems, Inc. v. Govro, 407 F.2d 921 (8th Cir. 1969); Sterling Drug, Inc. v. Cornish, 370 F.2d 82 (8th Cir. 1966); Palmentere v. Campbell, 344 F.2d 234 (8th Cir. 1965); Ahmann v. United Air Lines, Inc., 313 F.2d 274 (8th Cir. 1963); *accord,* McCarthy v. Wulff, 452 S.W.2d 164 (Mo.Sup.1970); Eyler v. Allison, 500 S.W.2d 49 (Mo.App. 1973); Carvitto v. Ryle, 495 S.W.2d 109 (Mo.App.1973); Gibson v. Newhouse, 402 S.W.2d 324 (Mo.Sup.1966).

■ A decision on the motion for judgment notwithstanding the verdict must be made in accordance with the principle that such a motion should be cautiously and sparingly granted, Jeanes v. Milner, 428 F.2d 598, 602 (8th Cir. 1970), and then ". . . only where the evidence points *all one way* and is susceptible of *no* reasonable inferences sustaining the position of the nonmoving party." Giordano v. Lee, 434 F.2d 1227, 1231 (8th Cir. 1970), cert. denied, 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971); Alabama Great Southern R. Co. v. Chicago & Northwestern Ry. Co., 493 F.2d 979, 984 (8th Cir. 1974); Meitz v. Garrison, 413 F.2d 895, 896 (8th Cir. 1969); Halladay v. Verschoor, 381 F.2d 100, 114 (8th Cir. 1967); Chicago Great Western Ry. Co. v. Casura, 234 F.2d 441, 447 (8th Cir. 1956); Ozark Air Lines, Inc. v. Larimer, 352 F.2d 9 (8th Cir. 1965); State Farm Mutual Auto Insurance Co. v. Jackson, 346 F.2d 484 (8th Cir. 1965); Compton v. United States, 377 F.2d 408, 411–412 (8th Cir. 1967); *accord,* McCarthy v. Wulff, 452 S.W.2d 164 (Mo.Sup.1970); Eyler v. Allison, 500 S.W.2d 49 (Mo.App.1973); Carvitto v. Ryle, 495 S.W.2d 109 (Mo.App.1973). (Emphasis in original.)

One controverted issue deemed critical by the plaintiff is the issue of mailing by plaintiff on or about February 11, 1966, and receipt by defendant's agents Sayre and Toso, of a circular letter of notice that plaintiff's hull insurance (and consequently defendant's reinsurance) on the vessel S. S. "Aktor" was effective on that date. The jury found that it was not so mailed.

Plaintiff contends that all of the evidence shows conclusively that on or about February 11, 1966, plaintiff mailed to Sayre and Toso, defendant's general agent, written notice that plaintiff's hull insurance on the ship S. S. Aktor was to be effective that date as was defendant's reinsurance. In particular, plaintiff contends that is " . . . was entitled to a *prima facie* presumption that the letter had been received."

The question whether the alleged circular letter of notice of February 11, 1966, was mailed to the defendant was submitted to the jury out of an abundance of caution, in light of the doubtful materiality of this issue to the ultimate determination of the rights and liabilities of the parties.

■ In order to raise a rebuttable presumption of receipt of correspondence, a party must show by direct evidence that such correspondence was prepared, properly addressed, stamped and mailed or deposited in a proper place for the receipt of mail. Miller v. John Hancock Mutual Life Insurance Co., 155 S.W.2d 324 (Mo.App. 1941); Gilbert v. Malan, 231 Mo.App. 469, 100 S.W.2d 606 (1937); Williams v. Northeast Mutual Insurance Association, 72 S.W.2d 166 (Mo.App.1934); Welch v. Noah, 52 S.W.2d 493 (Mo.App. 1932).

A thorough review of the record does not conclusively show that the alleged letter of February 11, 1966, was mailed by the plaintiff to the defendant or received by the defendant. The Assistant Marine Manager of the plaintiff insurance company, Mr. Dijkstra, testified that his secretary went to a file and secured the names and addresses of the reinsurers who were to be notified of the effective date of the plaintiff's insurance; that the notices were mailed in the

usual manner; and that the defendant was a reinsurer. Mr. Wessels, despite repeated questioning by counsel for plaintiff, refused to state unconditionally that he signed a letter addressed to Sayre and Toso, defendant's general agent. Mr. Wessels finally stated on direct examination that he recollected that there were no reinsurers missing from the group of letters. Defendant denied receipt or notice of such a mailing to its general agent.

The evidence presented by the plaintiff was neither uncontroverted nor conclusive. In addition, the record does not disclose evidence of subsequent conduct by either party as corroborating the contention that the alleged letter of February 11, 1966, was mailed. The credibility of the respective witnesses was properly a matter for the jury to decide. The jury's determination of credibility cannot be re-examined or considered by this Court. Meitz v. Garrison, 413 F.2d 895, 896 (8th Cir. 1969); Thieman v. Johnson, 257 F.2d 129, 132 (8th Cir. 1958).

It must further be noted that, even assuming that the circular letter of February 11, 1966, was mailed, the plaintiff would not be entitled to relief herein in light of the jury's answer to question 1 of the special verdict. Mr. Galbreath and Mr. Yerkes, expert witnesses for the defendant, both assumed for purposes of their answers to defendant's hypothetical question, that the letter had been received. However, they persisted nevertheless in their opinion that no obligation whatsoever was imposed upon the defendant as a result of the November 3, 1964, provisional binder. Further, Mr. Walter Reed, plaintiff's expert witness, testified that, despite the assumed failure of Sayre and Toso to receive such a letter, their obligation was still outstanding because in the normal course of events Sayre and Toso would receive other communication concerning attachments such as premium bordereaux.

Thus, because of the independent status of question 1 and questions 2 and 3 of the special verdict, the answers to questions 2 and 3 did not determine the rights and obligations of the respective parties in light of the jury's answer to question 1 of the special verdict. In question 1, the jury found that fifteen months was not a reasonable time period for the provisional binder to remain outstanding. Because of that decisive finding, the answers to questions 2 and 3 are immaterial. Assuming without finding that questions 2 and 3 were improperly answered by the jury, plaintiff has not shown any prejudical effect arising from the assumed impropriety of those answers. Nor has the plaintiff established any prejudicial inconsistency or direct relationship between those answers to the jury's answer to question 1 of the special verdict. In other words, plaintiff has failed to state any error concerning the finding of the jury on the question of the alleged mailing of the letter of February 11, 1966, or otherwise presented any reason for granting the motion for judgment notwithstanding the verdict because of the alleged mailing of the circular letter.

Plaintiff further contends that there is no evidence that the provisional binder of November 3, 1964, had been terminated before February 11, 1966, or June 1, 1966, and that there is no evidence that defendant's agreement to reinsure a 15% share of the vessel had ceased to be effective. In connection with these contentions, plaintiff alleges that the only reasonable conclusion which can be reached from the evidence is that the period from November 3, 1964, to November 11, 1966, was, as a matter of law, a reasonable time for the provisional binder to remain outstanding. In support thereof, plaintiff contends that there was no evidence to support the opinions of the defendant's experts on this question under international custom and usage in the ocean marine hull reinsurance industry.

In light of the failure of the written agreement to show the life of the provisional binder, evidence of custom and usage is admissible to establish the effective time period of the binder as intended by the parties. In the absence of an express provision, a written instrument such as an insurance contract, may be properly construed according to established custom and usage in the business or industry, and such custom and usage may be shown by parol or extrinsic evidence. Standard Oil Company of New Jersey v. United States, 340 U.S. 54, 71 S.Ct. 135, 95 L.Ed. 68 (1950).

Plaintiff unsuccessfully attempted during the trial, and further attempts in his present post-trial motion, to overcome his burden of proof by relying on the testimony of Walter Reed, an expert witness called by the plaintiff. Under Mr. Reed's testimony, plaintiff insists that the payment of other claims on the S.S. Aktor by the remaining reinsurers constitutes conclusive evidence of custom and usage with respect to the life of the provisional binder.

"To make a custom effective it must be shown to have been general, uniform, certain and notorious, known to the parties, or so general and universal in its character that knowledge must be presumed." Smith v. Alaskan Fur Company, 325 S.W.2d 740, 743 (Mo.Sup. 1959); see also, C. F. W. Construction Co. v. Travelers Insurance Co., 363 F.2d 557, 560 (6th Cir. 1966). Evidence of payments by other reinsurers in similar positions is neither conclusive nor material to the question of *general* custom and usage. Cf. Koons v. St. Louis & I. M. R. Co., 65 Mo. 592 (1877); Cantwell v. Johnson, 236 Mo. 575, 139 S.W. 365 (1911); see also, General Dynamics Corp. v. Selb Manufacturing Co., 481 F. 2d 1204 (8th Cir. 1973). "An isolated instance or several instances do not establish a custom, usage or habit." Smith v. Alaskan Fur Company, *supra*.

The burden was upon the plaintiff to establish that fifteen months was a reasonable period of time for the provisional binder to remain outstanding under international ocean marine hull reinsurance custom and practice. Plaintiff attempted to meet that burden by proof of an exception to the general rule. Walter Reed, plaintiff's principal expert witness, testified during cross-examination that a provisional binder on facultative reinsurance outstanding for fifteen months was the exception and not the rule. Similarly, Emil Wessels testified that in his entire career he had been aware of only five or six cases involving provisional binders which had been honored after more than 12 months. The jury considered and determined the credibility of the witnesses and the weight to be accorded the evidence, and found against the plaintiff on this decisive issue.

Plaintiff herein essentially attempts to challenge the credibility of the witnesses and the weight of the evidence. Because these are matters solely within the province of the jury, and because the record does not disclose that all the evidence points one way, plaintiff is not entitled to judgment notwithstanding the verdict on this issue. *See*, St. Louis-San Francisco Ry. Co. v. Armco Steel Corp., 490 F.2d 367, 369 (8th Cir. 1974).

As previously stated herein, an order was entered by this Court on May 15, 1974, requesting the parties to file additional briefs on the possible issues of waiver and estoppel. However, a close review of the record shows that the issues of waiver and estoppel were never raised during pretrial or trial proceedings. Further, these issues were not presented in plaintiff's written motion for a directed verdict filed during trial.

"Rule 50(b) merely renders unnecessary a request for reservation of the question of law or a formal reservation and, in addition, regulates the time and manner of moving for direction and

of moving for judgment on the basis of the refusal to direct. It adds nothing of substance to rights of litigants heretofore existing and available through a more cumbersome procedure." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 250, 61 S.Ct. 189, 194, 85 L.Ed. 147, 152 (1940). Thus, the specific grounds required to be set forth in a motion for a directed verdict under Rule 50(a) predetermine the scope of inquiry by the Court with respect to a motion for judgment notwithstanding the verdict. In other words, failure to include one or more particular grounds in support of a motion for a directed verdict forever bars the presentation or consideration of such grounds in a subsequent motion for judgment notwithstanding the verdict. Randolph v. Employers Mutual Liability Insurance Co., 260 F.2d 461, 465 (8th Cir. 1958), cert. denied, 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573 (1959); House of Koscot Development Corp. v. American Line Cosmetics, Inc., 468 F.2d 64 (5th Cir. 1972); Western Oil Fields, Inc. v. Pennzoil United, Inc., 421 F.2d 387 (5th Cir. 1970); 9 Wright and Miller, Federal Practice and Procedure, § 2533, p. 50 (1971).

Therefore, because the issues of waiver and estoppel, suggested after trial by this Court, were not raised or presented in plaintiff's motion for a directed verdict, they need not and should not be considered in the context of plaintiff's motion for judgment notwithstanding the verdict.

■ However, even assuming that the issues of waiver and estoppel are properly before this Court for consideration, it has not been shown that those traditional principles have been applied or generally accepted in the usage and custom of the international ocean marine facultative hull reinsurance industry. Furthermore, it is alternatively found that the evidence does not show that the conduct of the defendant constituted a voluntary relinquishment of a known right. Security Mutual Casualty Co. v. Affiliated FM Insurance Co., 471 F.2d 238, 246–247 (8th Cir. 1972). Nor does the evidence show that the conduct of the plaintiff amounted to the exercise of reasonable prudence to learn the facts underlying the alleged estoppel or waiver. See, Carter v. Aetna Casualty and Surety Co., 473 F.2d 1071, 1078 (8th Cir. 1973); Kenneally v. First National Bank of Anoka, 400 F.2d 838, 843 (8th Cir. 1968); cert. denied, 393 U.S. 1063, 89 S.Ct. 716, 21 L.Ed.2d 706 (1969).

Having reviewed the entire record without considering the credibility of witnesses and the weight of the evidence, taking the evidence as tending to support the jury's verdict in the light most favorable to the defendant, and giving the defendant the benefit of every favorable inference reasonably justified by the evidence, it is concluded that there is substantial evidence to support the findings of the jury. Duncan v. St. Louis-San Francisco Ry. Co., 480 F.2d 79, 84 (8th Cir. 1973); Alabama Great Southern R. Co. v. Chicago & Northwestern Ry. Co., 493 F.2d 979, 984 (8th Cir. 1974); St. Louis-San Francisco Ry. Co. v. Armco Steel Corp., 490 F.2d 367, 369 (8th Cir. 1974); Giordano v. Lee, 434 F.2d 1227, 1232 (8th Cir. 1970). Therefore, plaintiff's motion for judgment notwithstanding the verdict should be denied.

*Plaintiff's Motion for a New Trial*

In support of the alternative motion for a new trial, plaintiff states as follows:

"1. Because the Court erred in refusing to permit plaintiff's attorney to state in his opening statement that all facultative reinsurers of plaintiff's hull insurance coverage on the vessel S.S. 'Aktor', other than defendant, had paid their respective shares of the loss, which fact was stipulated by the parties.

"2. Because the Court erred in excluding competent, relevant and ma-

terial evidence offered by the plaintiff in its case in chief, to-wit: certain portions of P.Ex. 31, 33 and 35, and all of P.Ex. 96 through and including P.Ex. 104, together with certain testimony of witness E. L. Wessels, proving that all facultative reinsurers of plaintiff's hull insurance coverage on the vessel S.S. 'Aktor', other than defendant, had paid their respective shares of the loss, which fact was stipulated by the parties.

"3. Because the jury's findings in the Special Verdict returned by it are against the evidence and against the greater weight of the credible evidence in this case.

"4. Because the jury's finding in the answer to Question 4 of the Special Verdict is ambiguous in and of itself and is inconsistent with the jury's answer to Special Verdict Question No. 5.

"5. Because the Court erred in refusing to grant plaintiff's motion for a directed verdict at the close of all the evidence."

As previously noted in this opinion, a motion for a new trial and a motion for judgment notwithstanding the verdict are quite different motions and different standards govern their respective allowance. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147, 153 (1940); Simpson v. Skelly Oil Company, 371 F.2d 563, 566–567 (8th Cir. 1967); United States v. Bucon Construction Co., 430 F.2d 420, 423 (5th Cir. 1970). If a verdict is directed or judgment is granted notwithstanding the verdict, the judgment becomes final pending appeal. However, the granting of a new trial on the motion of a party or on the initiative of the Court itself simply results in a case being retried. Because of the distinction in finality, it is natural that the two post-trial motions should be measured by different standards. A trial judge has little or no discretion in ruling upon a motion for judg-

ment notwithstanding the verdict for the reason that the only question presented is whether there is sufficient evidence to support the verdict or raise a jury issue. *See*, Hover v. MacDonald Engineering Co., 183 F.Supp. 427 (S.D.D. Iowa 1960), affirmed, 290 F.2d 301 (8th Cir. 1961); United States v. Bucon Construction Co., 430 F.2d 420, 423 (5th Cir. 1970). Conversely, a motion for new trial is addressed directly to the sound discretion of the trial judge and wide latitude is accorded the trial judge in exercising that discretion. Sanden v. Mayo Clinic, 495 F.2d 221, 226 (8th Cir. 1974); Novak v. Gramm, 469 F.2d 430, 434 (8th Cir. 1972); Fireman's Fund Insurance Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 185–186 (8th Cir. 1972), cert. denied, 410 U.S. 930, 93 S. Ct. 1371, 35 L.Ed.2d 592 (1973); Silverthorn v. Hennigan, 439 F.2d 704, 705 (8th Cir. 1971); Bates v. Hensley, 414 F.2d 1006, 1011 (8th Cir. 1969); Simpson v. Skelly Oil Co., 371 F.2d 563, 566–567 (8th Cir. 1967); Farmers' Co-operative Elevator Association Non-Stock of Big Springs, Nebraska v. Strand, 382 F.2d 224, 230–231 (8th Cir. 1967), cert. denied, 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967); Bankers Life & Casualty Co. v. Kirtley, 307 F.2d 418, 423 (8th Cir. 1962).

Thus, unlike a motion for a directed verdict or a motion for judgment notwithstanding the verdict, a trial judge may grant a new trial and set aside the verdict even though there may appear to be substantial evidence to support the verdict. United States v. Bucon Construction Co., 430 F.2d 420, 423 (5th Cir. 1970); Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350, 352–353 (4th Cir. 1941); *see also*, Hover v. MacDonald Engineering Co., 183 F.Supp. 427, 430 (S.D.Iowa 1960), affirmed, 290 F.2d 301 (8th Cir. 1961). A trial judge, in considering a motion for a new trial, is not required to take that view of the evidence which is most favorable to the nonmoving party. Bates v. Hensley, 414

F.2d 1006, 1011 (8th Cir. 1969); Simpson v. Skelly Oil Co., 371 F.2d 563, 570 (8th Cir. 1967). Similarly, the weight of the evidence and possibly the credibility of witnesses may be considered. *See*, Fireman's Fund Insurance Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 186 (8th Cir. 1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973); United States v. Bucon Construction Co., 430 F.2d 420, 423 (5th Cir. 1970); Simpson v. Skelly Oil Co., 371 F.2d 563, 570 (8th Cir. 1967); Lind v. Schenley Industries, Inc., 278 F.2d 79 (3rd Cir. 1960), cert. denied, 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960); 9 Wright and Miller, Federal Practice and Procedure, § 2531, p. 575 (1971). Further, any other "pertinent factors" may be weighed and considered. Simpson v. Skelly Oil Co., 371 F.2d 563, 570 (8th Cir. 1967).

■ The discretion vested in the trial court to determine whether a new trial should be granted constitutes, in essence, a final opportunity for the trial judge, viewing the entire record, to determine whether the verdict is against the clear weight of the evidence, or whether the trial judge is left with the definite and firm conviction that a clear miscarriage of justice has occurred. Fireman's Fund Insurance Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 187 (8th Cir. 1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973); United States v. Bucon Construction Co., *supra;* Simpson v. Skelly Oil Co., *supra;* Altrichter v. Shell Oil Co., 263 F.2d 377, 380 (8th Cir. 1959); Tidewater Oil Co. v. Waller, 302 F.2d 638, 643 (10th Cir. 1962); *see also*, United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948).

■■ Notwithstanding the discretion and broad latitude vested in the trial court, ". . . there exist some boundaries to the exercise of the trial court's discretion in granting a new trial." Fireman's Fund Insurance Co. v.

Aalco Wrecking Co., Inc., 466 F.2d 179, 186 (8th Cir. 1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). Thus, it is generally held that a new trial should not be granted unless the moving party has met his burden of showing, or it is reasonably clear, that prejudicial error has been committed or that substantial justice has not been achieved. *See*, Midcontinent Broadcast Co. v. North Central Airlines, Inc., 471 F.2d 357, 359 (8th Cir. 1973); Hungerholt v. Land O'Lakes Creameries, Inc., 209 F.Supp. 177 (D.Minn.1962), affirmed, 319 F.2d 352 (8th Cir. 1963); 11 Wright and Miller, Federal Practice and Procedure § 2803, p. 32 (1973). In addition, a new trial should not be granted ". . . merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Fireman's Fund Insurance Co. v. Aalco Wrecking Co., Inc., *supra; see also*, Beverage Distributors, Inc. v. Olympia Brewing Co., 440 F.2d 21, 24–25 (9th Cir. 1971), cert. denied, 403 U.S. 906, 91 S.Ct. 2209, 29 L.Ed.2d 682 (1971); Cities Service Oil Co. v. Launey, 403 F.2d 537, 539–540 (5th Cir. 1968); Duncan v. Duncan, 377 F.2d 49, 52 (6th Cir. 1967), cert. denied, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967); Schybinger v. Interlake Steamship Co., 273 F.2d 307, 312 (7th Cir. 1959).

Plaintiff first contends that it should have been allowed, during the opening statement of its counsel and during the presentation of evidence, to introduce direct evidence that other reinsurers on the S. S. Aktor paid their respective shares of the reinsurance contract to plaintiff as evidence of the custom and practice in the international ocean marine hull reinsurance industry. A sufficient answer to this contention is that the liability of each alleged reinsurer should be determined separately.

■ The trial court necessarily has considerable discretion in ruling on the admissibility of evidence. General

Insurance Co. of America v. Hercules Construction Co., 385 F.2d 13, 25 (8th Cir. 1967); Weir v. Simmons, 357 F.2d 70, 74 (8th Cir. 1966). A thorough review of the entire record reveals that the exclusion of direct evidence of payment by other reinsurers was not error. To permit evidence of the payment by other insurers would have led to litigation of collateral issues concerning the different circumstances and motives for making the payments.

■ Testimony concerning trade usage should clearly " . . . be confined to the actual trade usage, and not to any implications of rights or liabilities springing from such usage." 21 Am.Jur. 2d, Customs and Usages, § 37, p. 715 (1965); cf. Anderson v. Davis, 314 Mo. 515, 284 S.W. 439 (1926). Furthermore, "[t]estimony as to custom and practice is admissible as circumstantial evidence, subject to the usual condition that its probative value outweigh any prejudicial impact." United States v. Oddo, 314 F. 2d 115, 117 (2nd Cir. 1963), cert. denied, 375 U.S. 833, 84 S.Ct. 50, 11 L.Ed.2d 63 (1963).

■ The direct evidence of payment by other reinsurers was properly held inadmissible as lacking in legal (as distinguished from logical) relevancy and probative value. See, General Dynamics Corp. v. Selb Manufacturing Co., 481 F. 2d 1204, 1217 (8th Cir. 1973); C. F. W. Construction Co. v. Travelers Insurance Co., 363 F.2d 557, 560 (6th Cir. 1966); Doss v. Apache Powder Co., 430 F.2d 1317 (5th Cir. 1970); see also, Regents of University of Colorado v. K. D. I. Precision Products, Inc., 488 F.2d 261 (10th Cir. 1973). In addition, in light of the immediate possibility of confusion and prejudice, the evidence, even if logically relevant, was properly excluded. Cf. Shepard v. United States, 290 U.S. 96, 104, 54 S.Ct. 22, 26, 78 L.Ed. 196, 202 (1933); Smith v. Spina, 477 F.2d 1140, 1146 (3rd Cir. 1973); United States v. Ravich, 421 F.2d 1196 (2nd Cir. 1970), cert. denied, 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970); see also, Proposed Federal Rules of Evidence, Rule 403, 51 F.R.D. 315, 345 (1971).

■ Moreover, is must be noted that plaintiff's expert witnesses were permitted to refer to the payments by other reinsurers during their testimony and opinion for the purpose of supporting their expert opinions on custom and usage. In addition, plaintiff was permitted to refer to the payments in closing argument. Even if the plaintiff was entitled to submit such evidence in accordance with plaintiff's offer of proof made in chambers, any error resulting from the exclusion of that evidence was harmless in light of the fact that the jury was ultimately apprised of the payments by other reinsurers. The record does not disclose, nor has plaintiff shown, that any error in rulings on evidence, if committed, was prejudicial. A showing of prejudice must be made to warrant the granting of a new trial. Midcontinent Broadcast Co. v. North Central Airlines, Inc., 471 F.2d 357, 359 (8th Cir. 1973).

Plaintiff further contends that the answers to questions 4 and 5 of the special verdict are irreconcilably inconsistent.

■ It is the duty of the trial court in the face of inconsistent special verdict questions or special interrogatories inconsistent with the general verdict, to make every reasonable effort to harmonize allegedly inconsistent special interrogatory answers or allegedly inconsistent answers in a special verdict. Stockton v. Altman, 432 F.2d 946 (5th Cir. 1970), cert. denied, 401 U.S. 994, 91 S. Ct. 1232, 28 L.Ed.2d 532 (1971); Chesapeake & Ohio Ry. Co. v. Barnaby, 414 F. 2d 309, 310 (6th Cir. 1969); Julien J. Studley, Inc. v. Gulf Oil Corp., 407 F.2d 521 (2nd Cir. 1969); Tennessee Consolidated Coal Co. v. United Mine Workers of America, 416 F.2d 1192, 1200 (6th Cir. 1969). "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." Gallick v.

Baltimore & Ohio R.R. Co., 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618, 627 (1963); Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798, 807 (1962).

The jury's answers to questions 4 and 5 are not irreconcilably inconsistent, nor are those answers incapable of being harmonized. The record in this case discloses that the testimony and documentary evidence consistently referred to the group of vessels containing the S. S. Aktor as the "Marika group." Mr. Rouse and Mr. Wessels testified that the correspondence generally referring to the "Marika group" indicated to all concerned that it related to a specific group of ships. The jury may have reasonably inferred from the defendant's evidence that the specific reference to the "Marika group" was adequate indication of the risks about which the parties were corresponding. The jury was further entitled to believe that the reference to the "Marika group" was sufficiently specific to comport with international custom and practice, and that the April-May correspondence between the parties was sufficient to terminate the defendant's obligation.

Even assuming that the answers to questions 4 and 5 are inconsistent, any error arising therefrom has been waived by the plaintiff by failure to complain when the verdict was received. Failure to move that inconsistent special verdicts or interrogatory answers inconsistent with a general verdict be resubmitted to the jury for reconsideration and reconciliation may constitute waiver of any objection by a party against whom the verdict has been rendered. *See,* Barnes v. Brown, 430 F.2d 578 (7th Cir. 1970); Tennessee Consolidated Coal Co. v. United Mine Workers of America, 416

F.2d 1192 (6th Cir. 1969); Cundiff v. Washburn, 393 F.2d 505 (7th Cir. 1968); Kirkendoll v. Neustrom, 379 F.2d 694 (10th Cir. 1967); Employers Casualty Co. v. Dupaquier, 338 F.2d 336 (5th Cir. 1964). In addition, even if it is assumed that the answers to questions 4 and 5 of the special verdict are inconsistent, such assumed inconsistency is not of sufficient magnitude to warrant the granting of a new trial.

Plaintiff further contends that the jury's findings are against the greater weight of the credible evidence in this case. This contention is without merit. There is substantial evidence to support the verdict. In addition, although different inferences or conclusions could have been drawn ". . . there exists no significant weight factor favoring the [plaintiff]." Fireman's Fund Insurance Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 187 (8th Cir. 1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973).

Having reviewed the entire record and all relevant factors, it is hereby concluded that plaintiff has failed to show, nor is it reasonably clear, that the verdict is against the clear weight of the evidence. In addition, the record does not disclose any prejudicial error or substantial injustice so as to warrant the granting of a new trial. This Court has not been left with the definite and firm conviction that a clear miscarriage of justice has occurred. Therefore, plaintiff's alternative motion for a new trial should be denied.

For all the foregoing reasons, it is therefore

Ordered that plaintiff's motion for judgment notwithstanding the verdict be, and it is hereby, denied. It is further

Ordered that plaintiff's alternative motion for a new trial be, and it is hereby, denied.