**HARWOOD INVESTMENT CO. and, Willits Financial Co., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 91–920C.**

United States Claims Court.

June 17, 1992.

Wesley R. Higbie, San Francisco, Cal., for plaintiffs.

Bryant G. Snee, Commercial Litigation Branch, with whom were Sharon Y. Eubanks, Asst. Director, David M. Cohen, Director, and Stuart M. Gerson, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendant. Jeff Handy, Dept. of Agriculture, Washington, D.C., of counsel.

## OPINION

SMITH, Chief Judge.

This dispute comes before the court on defendant's motion to dismiss or, in the alternative, for summary judgment. Plaintiffs, relying on 41 U.S.C. § 601, *et seq.* and 28 U.S.C. § 1491, are seeking refunds from the Forest Service of the United States Department of Agriculture for portions of the purchase price paid for various timber sales. At issue is whether plaintiffs' failure to comply with the contractual time limitation provision for the submission of claims bars such claims.

The majority of the parties' arguments are discussed and resolved by this court's opinion, issued today, in *Stone Forest Industries, Inc. v. United States*, 26 Cl.Ct. 410. For the reasons set forth in the *Stone Forest* opinion, four of plaintiffs' five claims are time-barred,[1] and the court grants defendant's motion with respect to those claims.

This opinion shall address two sales for which an alternative ground has been asserted to bar the claim. With respect to the Buckout timber sale, defendant argues that this court does not have jurisdiction over this claim because plaintiffs did not appeal the original December 2, 1985 denial of the claim by the contracting officer with-

in the one-year statute of limitations. *See* 41 U.S.C. § 609(a)(3).

While plaintiffs concede the fact that they did not file suit within twelve months of the receipt of the contracting officer's decision, plaintiffs claim that they are currently seeking refunds for the 1986 timber harvest which were not, and could not have been, included in the 1985 claim. In response, the government argues that plaintiffs may not recover the 1986 refunds because the claim arises out of the same contract and the same operative facts as the 1985 claim and therefore should have been part of the original 1985 claim.

While the court finds defendant's argument somewhat illogical insofar as it would require plaintiffs to seek refunds *prior* to the time the timber was harvested, the court need not address this issue because the claim is time-barred for the reasons set forth in the *Stone Forest* opinion. The closure letter for this sale was sent on October 21, 1987, and the claim was not filed until December 7, 1990, well beyond the 60 day time limitation provided in the contract.

With respect to the Pine timber sale, plaintiffs argue that there is no evidence that the March 17, 1988 closure letter was ever received by the plaintiffs. Defendant has provided a copy of the closure letter, but did not produce a return receipt. Plaintiffs argue that they searched their files and did not locate their copy of the letter, and that this evidence of non-receipt rebuts the government's presumption that a properly mailed letter was received.[2]

---

1. The government contends that the following claims are time-barred:

| Sale | Contract # | Date of Closure | Date of Claim | # of Days Late |
|------|-----------|-----------------|---------------|----------------|
| Umbrella | 009672 | 05/17/89 | 12/07/90 | 509 |
| Devils | 050150 | 01/23/90 | 12/07/90 | 258 |
| Buckout * | 050770 | 10/21/87 | 12/07/90 | 1083 |
| Pine * | 053440 | 03/17/88 | 12/07/90 | 935 |
| Westside | 052065 | 06/20/90 | 12/07/90 | 110 |

*The Buckout and Pine sales are discussed more fully below.

2. Plaintiffs also argue that the government has not shown that the letter was properly addressed, stamped, and mailed, which, they argue, is required in order to raise the presumption of receipt. Plaintiffs' Brief at 28–29, citing *Seven Provinces Ins. Co. v. Commerce & Industry Ins. Co.*, 65 F.R.D. 674, 683 (W.D.Mo.1975).

 

The court finds itself weighing conflicting facts concerning whether the Pine closure letter was properly sent and received. Therefore, it is not proper to resolve this claim at this time, and this claim shall be held over for trial.

## CONCLUSION

For the reasons set forth above, the court grants the government's motion with respect to the four claims that are time-barred. The parties shall file a joint status report within 60 days from the date of this opinion discussing further proceedings in this case.