Jerome J. Duff, St. Louis, Mo., made argument for the appellant and John D. Chancellor, St. Louis, Mo., was with him on the brief.

Richard M. Stout, St. Louis, Mo., made argument for the appellee and filed brief.

Before SANBORN and BLACKMUN, Circuit Judges, and STEPHENSON, District Judge.

**Robert P. YEARGAIN, Appellant,**

v.

**NATIONAL DAIRY PRODUCTS CORPORATION, Appellee.**

**No. 17064.**

United States Court of Appeals
Eighth Circuit.

June 11, 1963.

STEPHENSON, District Judge.

This case was brought by the appellant against the appellee to recover damages for personal injury sustained by the appellant while he was unloading a trailer load of cheese at the appellee's warehouse in St. Louis. The case was tried and submitted to a jury who returned a verdict for the defendant.

The appellant's only ground for reversal as stated in his brief is: "The Court below committed reversible error in allowing the defendant to draw unfavorable inferences from plaintiff's failure to produce certain medical witnesses." This contention is completely without merit.

The trial court instructed the jury in part as follows:

"The issues to be determined by you in this case are these: First, was the Defendant negligent? If you answer that question in the neg-

ative, you will return a verdict for the Defendant. If you answer it in the affirmative, you have a second issue to determine, namely, was the negligence of the Defendant a proximate cause of any injury to the Plaintiff? If you answer that question in the negative, you will return a verdict for the Defendant; but if you answer it in the affirmative, you should then find the answer to a third question: Was the Plaintiff negligent? If you find that he was not, then having found in the Plaintiff's favor in answer to the first two questions, you should determine the amount of the Plaintiff's damages and return a verdict in the Plaintiff's favor for that sum."

The record does not indicate that any exception was taken to any of the Court's instructions.

■■ It will not be presumed that a jury failed to follow the Court's instructions. Opper v. United States, 1954, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; Alexander v. United States, 8 Cir., 1959, 271 F.2d 140, 145; Davis v. United States, 8 Cir., 1956, 229 F.2d 181, 186. It is therefore apparent that the jury never reached the question of damages and therefore any error claimed which goes to the question of damages is not prejudicial. Pitcairn v. Perry, 8 Cir., 1941, 122 F.2d 881, 886.

■■ Although not necessary to an opinion in this case, it appears that argument of counsel is a procedural question to be determined by Federal law. Illinois Central Railroad Company v. Staples, 8 Cir., 1959, 272 F.2d 829, 834. See generally Mason Ladd, Uniform Evidence Rules in the Federal Courts, 49 Virginia L.Rev. 692 (1963). Under the Federal Law considerable discretion is given to a trial court to control arguments. Illinois Central Railroad Company v. Staples, supra. Under the circumstances herein it was not error for the trial court to permit counsel for the defendant to comment upon the failure of plaintiff to produce the testimony of all his physicians.

Illinois Central Railroad Company v. Staples, supra; Pitcairn v. Perry, supra; 5 A.L.R.2d 893.

Finding no reversible error in the record the judgment appealed from is affirmed.