**Darrell G. NIMNICHT, Plaintiff-Appellant,**

v.

**DICK EVANS, INC., et al., Defendants-Appellees.**

No. 72–3125

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 19, 1973.

Darryl J. Tschirn, C. T. Williams, Jr., New Orleans, La., for plaintiff-appellant.

John O. Charrier, Jr., New Orleans, La., for defendants-appellees.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This is a seaman's action for damages for personal injuries sustained while working on a barge off the coast of Louisiana.

Darrell G. Nimnicht was employed by Dick Evans, Inc. on Lay Barge No. 23

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

owned by J. Ray McDermott and Company, Inc. On February 13, 1970, Nimnicht was assigned to remove a small hand-operated hydraulic pump from a gondola cart on a total saturation diving system aboard Barge No. 23. The diving system was owned by Evans. This gondola cart was used to move a diving bell into position so that the divers could be transferred from the system to the bell and vice-versa. While in the process of removing this pump, Nimnicht sustained an injury to his back.

Alleging the unseaworthiness of the barge and negligence of his employer, Nimnicht filed suit under the Jones Act and General Maritime Law against Evans, McDermott, and McDermott's insurer, Travelers Insurance Company. The case was submitted to the jury on interrogatories.

On the special interrogatories submitted to it, the jury found that Nimnicht was a seaman but that his employer was not negligent and that the barge was not unseaworthy. Nevertheless, in response to another interrogatory pertaining to compensatory damages, the jury entered an award of $13,500. In addition, the jury made certain findings regarding maintenance and cure which are not on appeal here. The relevant interrogatories answered by the jury are as follows:

1. Was plaintiff, Darrell G. Nimnicht, injured aboard McDermott Barge #23 on February 13, 1970?

 A. Yes.

2. Was plaintiff a seaman or a member of the crew of McDermott #23?

 A. Yes.

3. Was the barge McDermott #23 unseaworthy?

 A. No.

5. Did Dick Evans own, operate, control or have an operational interest in the barge in question?

 A. Yes.

6. Was the defendant, Dick Evans, Inc., through its employees, negligent?

 A. No.

9. Was the plaintiff, Darrell Nimnicht, negligent?

 A. No.

11. Without any reduction for negligence on the part of the plaintiff, if any, what amount do you find will fairly and adequately compensate plainfiff for the damages he sustained?

 A. $13,500.

After receiving the verdict responding to the interrogatories, the trial court pointed out to the jury that finding no negligence or unseaworthiness on the part of appellees there was no party which could be held liable to pay the damage award. Then, the Court, acting on the authority of Rule 49(b) F.R.Civ. P., entered judgment for appellees. Appellant moved for a new trial on the ground that the inconsistent verdicts evinced confusion on the part of the jury. Motion denied. He appeals. We affirm.

■ There was no objection to the form of the interrogatories as propounded to the jury. It, therefore, is too late to complain on appeal, Wyoming Construction Company v. Western Casualty & Surety Company, 10 Cir., 1960, 275 F.2d 97, cert. denied 362 U.S. 976, 80 S. Ct. 1061, 4 L.Ed.2d 1011, Halprin v. Mora, 3 Cir., 1956, 231 F.2d 197.

This leaves only the question of whether the trial court proceeded correctly in entering judgment for the appellees, notwithstanding the response to Interrogatory 11. For the answer to this we look to Rule 49(b), F.R.Civ.P., which provides:

"The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a

verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial."

This case presents a situation in which the answers to the special interrogatories were consistent with each other but inconsistent with the findings as to the quantum of damages. Under Rule 49(b) the trial court had three alternatives: (1) to enter judgment in accordance with the special answers, notwithstanding the general verdict, (2) to return the jury for further deliberation, or (3) to order a new trial. The trial court chose the first alternative, holding, in effect, that the answers to the special interrogatories inexorably negated the award of damages.

 We are of the opinion that those findings left the District Court with no room to adopt any other course. In the absence of unseaworthiness or negligence, damages could not be awarded. The jury should not have responded to Interrogatory No. 11. The fact that it mistakenly did so could not change the answers to the prerequisite questions, upon which any damages at all had to live or die.

The judgment of the District Court is Affirmed.