Tommy L. BARRETT and Theodore A. Burbidge, II, Plaintiffs,

v.

SAFEWAY STORES, INC., and Local No. 782, Retail Clerks International Association, Defendants.

Civ. A. No. 20648–3.

United States District Court, W. D. Missouri, W. D.

May 23, 1975.

**162**

Robert H. Kendrick, Kansas City, Mo., for plaintiffs.

John J. Kitchin, Swanson, Midgley, Eager, Gangwere & Thurlo, Kansas City, Mo., for Safeway Stores.

John J. Blake, Kansas City, Kan., for Local Union No. 782.

## ORDER DENYING DEFENDANT SAFEWAY STORES' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND ALTERNATIVE MOTION FOR A NEW TRIAL

.WILLIAM H. BECKER, Chief Judge.

This is an action by two employees to recover damages from their employer and their union under the doctrine of Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Plaintiffs allege that their employer, Safeway Stores, Incorporated, violated its obligations concerning work assignments contained in an agreement resulting from collective bargaining with the defendant union and that the defendant, Local Union No. 782, failed to fairly represent them in the processing of their grievances based on the alleged violations. Jurisdiction is based on Section 185, Title 29, United States Code, commonly known as Section 301 of the National Labor Management Relations Act.

The cause was submitted to a jury against both defendants. On January 8, 1975, the jury returned a verdict in favor of the plaintiffs and against the defendant Safeway Stores. The jury also returned a verdict against the plaintiffs and in favor of the defendant Local Union No. 782. The jury assessed plaintiffs' actual damages against the defendant Safeway Stores in the amount of $3,256.33.

On January 17, 1975, defendant Safeway Stores filed herein its motion for judgment notwithstanding the verdict or, in the alternative, motion for a new trial. Thereafter, on January 23, 1975, counsel for the plaintiffs filed herein suggestions in opposition to Safeway Stores' post-trial motions.

For reasons to be set forth hereinafter, it is concluded that both of defendant Safeway Stores' post-trial motions should be denied.

In support of the motion for judgment notwithstanding the verdict, counsel for Safeway Stores contends as follows:

"1. Plaintiffs have failed to prove that defendant Union is guilty of any arbitrary, discriminatory or bad faith conduct in processing plaintiffs' grievances.

"2. The jury's verdict finding 'all issues against the plaintiffs and in favor of the defendant Local 782' is conclusive on the issue of the violation of the Union's statutory duty fairly to represent plaintiffs and precludes, as a matter of law, any verdict against defendant Safeway.

"3. There is no sufficient, competent and probative evidence from which the jury could reasonably find defendant Safeway breached any of the provisions of the collective bargaining agreement by reassigning plaintiffs to night stock duties.

"4. With respect to the factual issues of the alleged unfair representation on the part of the Union the plaintiffs are factually bound by the determination of the decision of the Regional Director of the National Labor Relations Board.

"5. Under the law and evidence defendant Safeway is entitled to judgment as a matter of law.

"6. Under the law and the evidence plaintiffs have failed to make a submissible case against defendant Safeway.

"7. There is no sufficient, competent and probative evidence from which the jury could reasonably find any actual damages occasioned by any alleged breach of contract without resorting to speculation, conjecture or surmise."

The applicable legal standards upon which the motion for judgment notwithstanding the verdict should be reviewed are fully set forth in Seven Provinces Insurance Co. v. Commerce & Industry Insurance Co., 65 F.R.D. 674, 679–683 (W.D.Mo.1975).

In the motion for judgment notwithstanding the verdict, counsel for Safeway Stores contends that if a ". . . disgruntled employee elects to proceed under § 301, he can sue both his employer and his union in the same action, but unless he establishes that his union breached its duty to fairly represent him, he cannot recover against his employer for breach of contract." With respect to the case at bar, counsel for Safeway Stores contends primarily that, because the jury returned a verdict in favor of defendant Local Union No. 782, it necessarily found that Local Union No. 782 had not been guilty of any arbitrary, discriminatory or bad faith conduct in processing plaintiffs' grievances, thereby legally foreclosing any valid finding against the employer. Counsel for Safeway Stores has misconstrued the jury's verdicts, which should be determined to be consistent if the verdicts are authorized by the evidence and instructions.

The following two instructions, among others, were given to the jury as a part of the charge:

"Plaintiffs' Instruction No. 1

"If you find that the defendant Union Local 782 violated its statutory duty fairly to represent plaintiffs in respect to the grievances of July 19, 1972 and of July 20, 1972, and further find that defendant Safeway Stores, Incorporated violated the Collective Bargaining Agreement between itself and Local No. 782, Retail Clerks International Association, AFL-CIO, by failing to divide night stocking work equitably among all qualified full-time employees, and by failing to give preference to plaintiffs over part-time employees for day work, and if you further find that as a direct and proximate result of such violation that plaintiffs were damaged, then you shall find in favor of plaintiffs and against defendant Safeway Stores, Incorporated on Count I of plaintiffs' Petition.

"Plaintiffs' Instruction No. 2

"If you find that defendant Union Local No. 782 violated its statutory duty fairly to represent plaintiffs in respect to the grievances of July 19, 1972 and of July 30, 1972, and further find that as a direct and proximate result of such failure that plaintiffs were damaged, then you shall find in favor of plaintiffs and against defendant Union Local No. 782 on Count I of plaintiffs' Petition."

The jury returned a verdict in favor of the defendant Local Union No. 782 and against defendant Safeway Stores. By returning a verdict against Safeway Stores, the jury was required by plaintiffs' instruction no. 1 to find (1) that defendant Local Union No. 782 violated its statutory duty to represent plaintiffs, (2) that Safeway Stores violated the collective bargaining agreement, and (3) that as a direct and proximate result of the violation plaintiffs were damaged. In returning a verdict in favor of the defendant Local Union No. 782, the jury was required to find either (1) that defendant Local Union No. 782 did not violate its statutory duty to represent the plaintiffs, or (2) that as a direct and proximate result of such failure, plaintiffs were *not* damaged. It is quite apparent, from the jury's verdict against defendant Safeway Stores, that a finding was made that defendant Local Union No. 782 did in fact violate its statutory duty to represent the plaintiffs, but that as a direct and proximate result of the violation plaintiffs incurred no actual damages. The evidence provided a substantial basis for this latter finding in that the grievance would have been denied even if it were fairly and vigorously presented by the Union.

The law is clear that it must be assumed, in the absence of exceptional circumstances not stated or shown to be present in the case at bar, that the jury understood and properly applied the clear instructions in arriving at its verdicts. Barnes v. Omark Industries, Inc., 369 F.2d 4, 11 (8th Cir. 1966); Ralston Purina Co. v. Parsons Feed and Farm Supply, Inc., 364 F.2d 57, 62 (8th Cir. 1966); Yeargain v. National Dairy Products Corp., 317 F.2d 779, 780 (8th Cir. 1963); Alexander v. United States, 271 F.2d 140, 145 (8th Cir. 1959); Davis v. United States, 229 F.2d 181, 186 (8th Cir. 1956). Thus, it should be concluded that the verdicts are not inconsistent.

In connection with the above discussion, it should be noted that during their deliberation, the jury presented the following question to the undersigned District Judge: "Is it possible to render verdict for one defendant and not the other?" After the holding of a conference on this and other questions from the jury, during which counsel were present and heard, the undersigned submitted and filed on January 8, 1975, an affirmative answer to the jury's question. Thus, it would appear that the jury was fully aware of the relationship between the two instructions herein referred to and the fact that a finding of no damage with respect to the actions of defendant Local Union No. 782 was necessary in order to return a verdict against Safeway Stores and in favor of Local Union No. 782. No second supplemental clarifying instructions were requested by any party.

After a careful review of the post-trial contentions of defendant Safeway and a review of the entire record, it is concluded that it was within the province of the jury to determine the credibility of the witnesses and the weight of the evidence, and to return the two verdicts in question. Viewing the evidence as tending to support the jury's verdict in the light most favorable to the plaintiffs, and giving the plaintiffs the benefit of every favorable inference reasonably justified by the evidence, it is hereby concluded that there is substantial evidence to support the verdicts of the jury, and that the verdicts were legally permissible. Butler v. Yellow Freight System, Inc., et al., 374 F.Supp. 747 (W.D. Mo.1974), affirmed, (8th Cir. Nos. 74–1342 and 74–1567, March 18, 1975). Therefore, defendant Safeway Stores'

motion for judgment notwithstanding the verdict should be denied.

In support of the alternative motion for a new trial, counsel for Safeway Stores contends as follows:

"1. The verdict rendered by the jury against defendant Safeway is contrary to, and inconsistent with, the Court's instruction given to the jury (plaintiffs' submitted instruction No. 1) and the jury's verdict in favor of defendant Union, in that said instruction required the jury to find that the Union violated its statutory duty fairly to represent plaintiffs before it could find against defendant Safeway, and further the jury actually found, by its verdict, that the defendant Union was not guilty of any violation of its statutory duty to fairly represent plaintiffs.

"2. This Honorable Court erred in responding 'Yes' to the jury's question No. 1 asking whether a verdict could be returned in favor of one defendant and against the other.

"3. The verdict is contrary to the law.

"4. The verdict is contrary to the weight of the evidence.

"5. This Honorable Court erred in refusing this defendant's proffered instruction No. 5 as originally offered.

"6. This Honorable Court erred in refusing this defendant's proffered instruction No. 5 as amended."

The standards for reviewing and determining a motion for a new trial are fully set forth in Seven Provinces Insurance Co. v. Commerce & Industry Insurance Co., 65 F.R.D. 674, 687–688 (W.D.Mo.1975) and the authorities therein cited.

The first contention presented in counsel's motion for a new trial has been adequately discussed earlier in this opinion and no further comment thereon will be made. This contention is determined to lack factual or legal merit as stated above.

In his second contention, counsel for Safeway Stores asserts that this Court erred ". . . in responding 'Yes' to the jury's question No. 1 asking whether a verdict could be returned in favor of one defendant and against the other." This contention is also without factual or legal merit for the reasons stated above and supplemented as follows.

In the case at bar, plaintiffs assert that the defendant Safeway Stores wrongfully placed plaintiffs on the "night shift," all in violation of the collective bargaining agreement. Plaintiffs further contend that defendant Local Union No. 782 failed to fairly represent them in the processing of their resulting grievances. Plaintiffs do not assert that Local Union No. 782 participated in or otherwise encouraged the alleged violation of the agreement by defendant Safeway Stores.

■ The crucial issue in an action under Section 301 and the doctrine of Vaca v. Sipes, *supra*, is usually the employer's violation of the collective agreement with the union and the union's failure to fairly represent the employee in a grievance to rectify the violation. The joinder of a union in a Section 301 suit achieves two basic purposes: (1) it permits proof in one action that the union has either wrongfully failed or refused to process the employee's contractually authorized grievance or proof that because of the union's failure or refusal it would have been futile for the union to represent the employee fairly in prosecuting the grievance; and (2) it permits a determination of the portion of damages, if any, that the union should bear if the employee is successful. Richardson v. Communication Workers of America, 443 F.2d 974, 981 (8th Cir. 1971), appeal after remand, 469 F.2d 333 (8th Cir. 1972), cert. denied, 414 U.S. 818, 94 S.Ct. 38, 38 L.Ed.2d 50 (1973), appeal after remand, 486 F.2d 801 (8th Cir. 1973).

■ Although an employee may bring an action against his employer and his union without having fully exhausted his

contract grievance procedures, the employee must, in the face of a defense based upon the failure to exhaust contractual remedies, ". . . prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." Vaca v. Sipes, 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842, 855 (1967). When the breach of duty on the part of the union ". . . involves only a failure to process an employee's grievance, its apportioned damage arising from the unrelated wrongful discharge is usually de minimus." Richardson v. Communication Workers of America, 443 F.2d 974, 981 (8th Cir. 1971). "Thus, damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer." Vaca v. Sipes, 386 U.S. 171, 197–198, 87 S.Ct. 903, 920–921, 17 L.Ed.2d 482, 862 (1967).

In the case at bar, the jury found that the employer Safeway Stores had violated the collective bargaining agreement, and that Local Union No. 782 had violated its statutory duty to fairly represent the plaintiffs. However, the jury found that actual damages proximately resulted to the plaintiffs only from the violation of the collective bargaining agreement by Safeway Stores. No actual damages were found to have directly and proximately resulted from the Union's breach of its statutory duty to represent the plaintiffs.

Although no reported decision reaching this result in a similar action has been cited or found, it is apparent that the jury's verdicts in the case at bar were legally and factually permissible under the controlling law.

■ It has often been held that a finding of a violation of a legal duty does not necessarily result in proximate damages. For example, in Mayer v. Petzelt, 311 F.2d 601 (7th Cir. 1962), cert. denied, 373 U.S. 936, 83 S.Ct. 1538,

10 L.Ed.2d 692 (1963), the Seventh Circuit Court of Appeals held that the District Court erred in entering judgment notwithstanding the verdict for the reason that the negative answer of the jury to the special interrogatory (whether plaintiff used ordinary care and caution for his own safety) was not inconsistent with the general verdict for the plaintiff. In that case, the Court of Appeals concluded that the jury might have believed that the plaintiff failed to use due care, but that the failure did not proximately cause the injury. Similarly, in Cone v. Beneficial Standard Life Insurance Co., 388 F.2d 456 (8th Cir. 1968), the Eighth Circuit Court of Appeals held that, when the jury's answer to a special interrogatory which stated that the decedent had died as a result of an accidental collision was read together with another answer by the jury which stated that a nonaccidental cause was the proximate cause of death, there was no inconsistency between the answers to the special interrogatories and the general verdict for the insurer. Conversely, in the case of Nimnicht v. Dick Evans, Inc., 477 F.2d 133 (5th Cir. 1973), the Fifth Circuit Court of Appeals held that the trial court properly entered judgment for the defendants notwithstanding the fact that the jury, in response to an interrogatory pertaining to compensatory damages, entered an award of $13,500.00. The Court of Appeals concluded that judgment for the defendants was proper in view of the fact that the jury, in response to special interrogatories, made findings inconsistent with the general verdict.

■ There is no logical reason, nor any applicable or analogous legal authority, to support the conclusion that an employee must prove a violation of a union's statutory duty of representation *and* actual damages as a proximate result thereof in order to recover actual damages resulting from a violation of a collective bargaining contract on the part of an employer. *Cf.* de Arroyo v. Sindicato de Trabajadores Packing,

AFL–CIO, 425 F.2d 281, 289–290 (1st Cir. 1970), cert. denied, 400 U.S. 877, 91 S.Ct. 117, 121, 27 L.Ed.2d 114, 115 (1970), reh. denied, 400 U.S. 953, 91 S.Ct. 232, 27 L.Ed.2d 260 (1970), reh. denied, 401 U.S. 926, 91 S.Ct. 863, 27 L.Ed.2d 831 (1971).

Defendant Safeway Stores further contends that this Court erred in refusing its proffered instruction no. 5 as originally offered and as amended. The questions of law resolved in the instructions have been thoroughly argued and determined in conferences held prior to and during trial. Reference to the record thereof is made without detailed discussion thereof. Safeway Stores has failed to present any significant factual or legal arguments which would warrant any finding of error, in the rulings before and during trial. The contention concerning this instruction is without merit and otherwise insufficient to warrant the granting of a new trial. Butler v. Yellow Freight System, Inc., 374 F. Supp. 747, 752 (W.D.Mo.1974), affirmed, 8th Cir. Nos. 74–1342 and 74–1567, March 18, 1975).

Defendant Safeway Stores finally contends that the verdict against it is contrary to the law and the weight of the evidence. This contention is not supported by the evidence or applicable law. There is substantial evidence to support the verdict against Safeway Stores. In addition, there is ". . . no significant weight factor favoring the [defendant Safeway Stores]." Cf. Fireman's Fund Insurance Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 187 (8th Cir. 1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973).

After review of the entire record and all relevant legal factors, it is hereby concluded that the defendant Safeway Stores has failed to show, nor is it reasonably clear, that the verdict against Safeway Stores is against the clear weight of the evidence. Since the record does not disclose any prejudicial error or substantial injustice that would warrant the granting of a new trial, it is concluded that defendant Safeway Stores' alternative motion for a new trial should be denied.

For all the foregoing reasons, it is therefore

Ordered that defendant Safeway Stores' motion for judgment notwithstanding the verdict be, and it is hereby denied. It is further

Ordered that defendant Safeway Stores' alternative motion for a new trial be, and it is hereby, denied.