**Eric J. MOORE, Plaintiff-Appellant,**

v.

**MARITIME OVERSEAS CORPORA-TION, et al., Defendants-Appellees.**

**No. 84-3113**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 30, 1984.

Morris Bart, Edward F. Bukaty, III, New Orleans, La., for plaintiff-appellant.

Terriberry, Carroll, Yancy & Farrell, David B. Lawton, Maurie D. Yager, New Orleans, La., for defendants-appellees.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

Eric J. Moore sued Maritime Overseas Corp. for injuries which occurred when he slipped on a ladder leading down to the

lower engine room. He was assigned to the vessel, the Overseas Valdez, in the position of a wiper. His suit consisted of a Jones Act claim of negligence, 46 U.S.C. § 688, and a general maritime claim of unseaworthiness.

The jury returned a verdict on special interrogatories which found that defendant was not guilty of negligence and that the vessel was not unseaworthy. The jury went on then to answer an interrogatory as to the amount of money which would compensate Moore for his "injury". To this interrogatory the jury answered $20,000.

Based upon answers to these interrogatories, the district court rendered judgment dismissing the action with prejudice. Moore appeals claiming an inconsistent verdict.

There is no inconsistent verdict in this case. Moore in his brief urges that it was clearly the "intent" of the jury to award plaintiff a recovery of $20,000 from the defendant. This contention requires reading far more into the jury verdict than actually is there. The jury was asked as a neutral matter the amount of money that would "compensate" Moore for his "injury." The issue was not conditioned in any way upon a finding that Maritime Overseas Corp. was responsible for the injury. All the answer to the special issue did was establish the amount of damages if the jury had found that defendant was responsible either under the Jones Act or under general maritime law. The jury responses with respect to defendant's responsibility are unequivocal, and there is no conflict. The case of *Nimnicht v. Dick Evans, Inc.,* 477 F.2d 133 (5th Cir.1973), clearly is controlling.

AFFIRMED.